FILED COPY

1  MATTHEW T. BECHTEL, State Bar No. 260450
   Email: Bechtel@luch.com
2  Laquer, Urban, Clifford & Hodge LLP
   225 South Lake Avenue, Suite 200
3  Pasadena, California 91101-3030
   Telephone: (626) 449-1882
4  Facsimile: (626) 449-1958
5
6  Counsel for Plaintiffs, Trustees of the
   Operating Engineers Pension Trust, et al.
7

2012 NOV -7  PM 2: 51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  TRUSTEES OF THE OPERATING          CASE NO. **CV12-09548** - mmm(Ex)
    ENGINEERS PENSION TRUST,
12  TRUSTEES OF THE OPERATING
    ENGINEERS HEALTH AND WELFARE       **COMPLAINT SEEKING**
13  FUND, TRUSTEES OF THE              **DAMAGES AND OTHER RELIEF**
    OPERATING ENGINEERS VACATION-      **FOR:**
14  HOLIDAY SAVINGS TRUST and
    TRUSTEES OF THE OPERATING          **1. BREACH OF WRITTEN**
15  ENGINEERS TRAINING TRUST,          **COLLECTIVE BARGAINING**
                                       **AGREEMENT AND RELATED**
16             Plaintiffs,             **TRUST AGREEMENTS; and**
17        v.
                                       **2. VIOLATION OF § 515 OF**
18  CALEX ENGINEERING, INC., a         **ERISA, 29 U.S.C. § 1145.**
    California corporation doing business as
19  "Cal Ex Engineering Co." and "Cal-Ex
    Engineering Co."; CALEX
20  ENGINEERING CO., a California general
    partnership doing business as "Cal Ex
21  Engineering Co." and "Cal-Ex Engineering
    Co."; EARTHWORK SYSTEMS, INC., a
22  California corporation and general partner
    of Calex Engineering Co.; GERALD
23  GIBBS, a general partner of Calex
    Engineering Co.; MICHAEL NEILSON, a
24  general partner of Calex Engineering Co.;
    KENNETH PAUL SEITZ, a general
25  partner of Calex Engineering Co.; JAMES
    THOMPSON, a general partner of Calex
26  Engineering Co.; JULIE THOMAS, a
    general partner of Calex Engineering Co.,
27
28             Defendants.

1
COMPLAINT

615779

1    Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the

2  Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers

3  Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training

4  Trust complain and allege:

5                              **JURISDICTION AND VENUE**

6        1.      This Court has jurisdiction of this case pursuant to Section 502(e)(1) of

7  the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [*29*

8  *U.S.C. §1132(e)(1)*], which grants the United States District Courts jurisdiction over

9  civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA [*29*

10  *U.S.C. §1132(a)(3)*] to redress violations or enforce the terms of ERISA or an

11  employee benefit plan governed by ERISA.  Such jurisdiction exists without respect

12  to the amount in controversy or the citizenship of the parties, as provided in Section

13  502(f) of ERISA [*29 U.S.C. §1132(f)*].

14        2.      This Court also has jurisdiction of this case pursuant to Section 301(a) of

15  the Labor Management Relations Act of 1947, as amended ("LMRA") [*29 U.S.C.*

16  *§185(a)*], which grants the United States original jurisdiction over suits for violation

17  of contracts between an employer and a labor organization in an industry affecting

18  commerce, without respect to the amount in controversy and the citizenship of the

19  parties.

20        3.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA

21  [*29 U.S.C. §1132(e)(2)*], and Section 301(a) of the LMRA [*29 U.S.C. §185(a)*], in that

22  this is the district in which the Plaintiffs' trust funds are administered, in which the

23  relevant acts took place, and in which moneys are due and payable.

24        4.      To the extent this Complaint sets forth any state law claims, this Court

25  has supplemental jurisdiction over those claims pursuant to *28 U.S.C. §1367(a)*.

26  / / /

27  / / /

28  / / /

615779

## PARTIES

5.    Plaintiffs ("Trustees") are the Trustees of the Operating Engineers Pension Trust, Operating Engineers Health and Welfare Fund, Operating Engineers Vacation-Holiday Savings Trust, and Operating Engineers Training Trust (collectively the "Trusts"). The Trusts are express trusts created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada, including the Southern California Contractors Association, Inc. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to § 302(c)(5) of the LMRA [*29 U.S.C. § 186(c)(5)*].

6.    Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to Trusts as defined in § 3(21)(A) of ERISA [*29 U.S.C. § 1002(21)(A)*].

7.    Plaintiffs are informed and believe, and thereon allege, that defendant Calex Engineering, Inc. ("CEI") is a California corporation doing business as "Cal Ex Engineering Co." and "Cal-Ex Engineering Co," with its principal place of business located in Newhall, California.

8.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Calex Engineering Co. ("CEC") is a general partnership doing business as "Cal Ex Engineering Co." and "Cal-Ex Engineering Co." with its principal place of business in Newhall, California.

9.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Earthworks Systems, Inc., is a California corporation and general partner of CEC with a principal place of business in Newhall, California.

10.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Gerald Gibbs is an individual residing in Ventura, California, and is a general partner of CEC.

///

615779

1    11.    Plaintiffs are informed and believe, and based thereon allege, that

2  Defendant Michael Neilson is an individual residing in Stevenson Ranch, California,

3  and is a general partner of CEC.

4    12.    Plaintiffs are informed and believe, and based thereon allege, that

5  Defendant Kenneth Paul Seitz is an individual residing in Lakewood, California, and

6  is a general partner of CEC.

7    13.    Plaintiffs are informed and believe, and based thereon allege, that

8  Defendant James Thompson is an individual residing in Newhall, California, and is a

9  general partner of CEC.

10    14.    Plaintiffs are informed and believe, and based thereon allege, that

11  Defendant Julie Thomas is an individual residing in Newhall, California, and is a

12  general partner of CEC.

13  **EXECUTION OF BARGAINING AGREEMENT AND STATUS OF PARTIES**

14    15.    On or about July 10, 1981, CEC executed and delivered a written

15  collective bargaining agreement (hereinafter "1981 Agreement") to Local 12 whereby

16  CEC agreed to be bound by the terms and conditions, with certain exceptions, of

17  certain written and existing agreements between various multi-employer associations

18  and Local 12. In particular, CEC agreed to be bound by the Master Labor Agreement

19  (hereinafter "Master Agreement") in effect between Local 12 and the Southern

20  California Contractors Association, a multi-employer association. On or about July

21  10, 2981, CEC also signed written acknowledgments and acceptances of each of the

22  Trust Agreements. At all times since July 10, 1981, the Master Agreement has been

23  an effective written collective bargaining agreement between the Association and

24  Local 12.

25    16.    On or about September 8, 1995, CEC and/or CEI executed and delivered

26  a written collective bargaining agreement (hereinafter "1995 Agreement") to Local 12

27  whereby CEC and/or CEI agreed to be bound by the terms and conditions, with

28  certain exceptions, of certain written and existing agreements between various multi-

615779

1  employer associations and Local 12.  In particular, CEC agreed to be bound by the

2  Master Agreement.  On or about September 8, 1995, CEC and/or CEI also signed

3  written acknowledgments and acceptances of each of the Trust Agreements.  At all

4  times since September 8, 1995, the Master Agreement has been an effective written

5  collective bargaining agreement between the Association and Local 12.

6      17.    At all times material herein, CEC and CEI have been obligated to the

7  terms and provisions of the 1981 Agreement and/or the 1995 Agreement, the Master

8  Agreement, and Trust Agreements.

9      18.    CEC, CEI, and each of them, are an "employer," as that term is

10  understood in the 1981 Agreement and/or the 1995 Agreement, Master Agreement

11  and related Trust Agreements.

12      19.    CEC, CEI, and each of them, are an "employer" as defined and used in §

13  3(5) of ERISA [*29 U.S.C. § 1002(5)*], and therefore, CEC and CEI are "obligated to

14  make contributions to a multiemployer plan" within the meaning of § 515 of ERISA

15  [*29 U.S.C. § 1145*].  Plaintiffs are informed and believe, and based thereon allege, that

16  CEC, CEI, and each of them, are also an "employer" engaged in "commerce" in an

17  "industry affecting commerce," as those terms are defined and used in § 501(1) and §

18  501(3) of the LMRA [*29 U.S.C. §§ 142(1), 142(3)*], and within the meaning and use

19  of § 301(a) of the LMRA [*29 U.S.C. § 185(a)*].

20                 **FIRST CLAIM FOR RELIEF**

21        **(BREACH OF WRITTEN COLLECTIVE BARGAINING**

22        **AGREEMENT AND RELATED TRUST AGREEMENTS)**

23      20.    Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through

24  18 above, inclusive of any and all subparagraphs, to the same effect as if set forth

25  verbatim.

26      21.    By the terms and provisions of the Master Agreement and Trust

27  Agreements, and at all times material herein:

28  / / /

1        a.     CEC and CEI agreed to prepare and submit true, complete and

2 accurate written monthly contribution reports (hereinafter "Reports") to the Trusts on

3 a timely basis showing the identity of its employees performing work covered by the

4 Master Agreement, the number of hours worked by or paid to these employees, and

5 based upon the hours worked or amounts paid to employees, the proper calculation of

6 the fringe benefit contributions due for such employees.  At all times material herein,

7 CEC and CEI have been obligated to submit its monthly Reports and pay its

8 contributions to the Trusts at their place of business in Pasadena, California, on or

9 before the 10th day of each successive month;

10        b.     CEC and CEI agreed to permit the Trusts and their agents to

11 conduct audits of payroll and related records in order to determine if fringe benefit

12 contributions have been properly paid pursuant to the Master Agreement and related

13 Trust Agreements; and

14        c.     CEC and CEI agreed to pay to the Trusts fringe benefit

15 contributions, benefits and/or withholdings on a monthly basis, and at specified rates

16 for each hour worked by, or paid to, applicable employees.  These amounts are due

17 and payable at the Trusts' administrative offices in Pasadena, California.

18     22.    Plaintiffs are informed and believe, and based thereon allege, that CEC

19 and CEI have failed to pay fringe benefit contributions as required by the Master

20 Agreement and Trust Agreements of at least $346,626.27 for the months of August

21 2012 and September 2012.  The total sum of unpaid fringe benefit contributions and

22 contract damages will be established by proof at the trial herein.

23     23.    Plaintiffs are informed and believe, and based thereon allege, that all

24 conditions, covenants and promises required to be performed as conditions precedent

25 for CEC's and CEI's performance under the Master Agreement and Trust Agreements

26 have been properly performed.

27     24.    Plaintiffs are informed and believe, and based thereon allege, that CEC

28 and CEI owe, but has failed to pay, certain additional amounts of fringe benefit

615779

1  contributions not presently known to Plaintiffs, but these additional amounts will be
2  established by proof.

3      25.    Pursuant to the Master Agreement and § 502(g)(2) of ERISA [*29 U.S.C.*
4  *§ 1132(g)(2)*], CEC and CEI agreed that in the event CEC and CEI failed to pay fringe
5  benefit contributions or otherwise comply with the terms and provisions of the Master
6  Agreement and related Trust Agreements, CEC and CEI would be considered
7  delinquent with the Trusts and would pay the Trusts the sum of $25.00 per month, ten
8  percent (10%) of the total amount then due, or interest on the amount due at the rates
9  established pursuant to *26 U.S.C § 6621* from the due date, whichever is greater, as
10  liquidated damages for each delinquency.

11      26.    CEC and CEI are "delinquent," as that term is used in the Master
12  Agreement and Trust Agreements.

13      27.    Plaintiffs are informed and believe, and based thereon allege, that CEC
14  and CEI owe the Trusts liquidated damages assessed at ten percent (10%) of the
15  unpaid contributions.  Liquidated damages for work performed in the months of
16  August 2012 and September 2012 amount to at least $34,662.63.  The total amount of
17  liquidated damages owed will be established by proof at the trial herein.

18      28.    Plaintiffs are informed and believe, and based thereon allege, that there is
19  no legal excuse for CEC's and CEI's breach of the Master Agreement and Trust
20  Agreements.

21      29.    Pursuant to the Master Agreement, Trust Agreements, and section
22  502(g)(2)(B) of ERISA [29 U.S.C. §1132(g)(2)(B)], CEC and CEI owe the Trusts
23  interest on all delinquent unpaid fringe benefit contributions in amounts presently
24  unknown.  These additional amounts will be established by proof at the trial herein.

25      30.    Pursuant to the Master Agreement and related Trust Agreements, CEC
26  and CEI agreed, in the event of any delinquency, to pay all legal and auditing costs in
27  connection therewith, whether incurred before or after litigation is, or was,
28  commenced.

615779

1   31.   It has been necessary for Plaintiffs to engage legal counsel for the

2   purpose of collecting said contributions and damages, and Plaintiffs are entitled to

3   their reasonable attorneys' fees in connection therewith. The exact amount of the

4   legal fees due and payable has not been ascertained at this time. These amounts shall

5   be established by proof at the trial herein.

6   32.   Pursuant to the Trust Agreements, CEC and CEI agreed, and is thereby

7   obligated, to post and deliver either a good faith deposit, or a performance bond,

8   issued in favor of the Trusts in an amount based upon a calculation set forth in the

9   Master Agreement. Plaintiffs are informed and believe, and based thereon allege, that

10   the Trusts are entitled to such good faith deposit and delivery of monies or bond from

11   CEC and CEI. The amount of the good faith deposit or bond will be established by

12   proof.

13   33.   Pursuant to § 502(g)(2)of ERISA [*29 U.S.C. § 1132(g)(2)(E)*], the Court

14   may grant such other legal or equitable relief as the Court deems appropriate. As part

15   of Plaintiffs' judgment, Plaintiffs shall request the Court to:

16   a.   Order CEC and CEI to post and deliver either a good faith deposit, or a

17   performance bond issued in favor of the Trusts in an amount determined by the Court

18   to be appropriate, and

19   b.   Order the creation of a constructive trust on all applicable property and

20   order the transfer of the applicable property to the Trusts, and

21   c.   Order CEC and CEI to pay to the Trusts all amounts due the Trusts,

22   including, but not limited to, the unpaid contributions, benefits, withholdings,

23   damages, legal fees, audit costs and other expenses and damages incurred.

24   **SECOND CLAIM FOR RELIEF**

25   **(VIOLATION OF §515 of ERISA)**

26   34.   Plaintiffs hereby incorporate by reference paragraphs 1 through 32 of this

27   Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth

28   verbatim.

615779

35.     Section 515 of ERISA [*29 U.S.C. § 1145*] provides that employers who are obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

36.     Plaintiffs are informed and believe, and based thereon allege, that all conditions, covenants and promises required to be performed as conditions precedent for CEC's and CEI's performance under § 515 of ERISA [*29 U.S.C. § 1145*] have been properly performed.

37.     Plaintiffs are informed and believe, and based thereon allege, that CEC and CEI violated its statutory mandated obligation to make fringe benefit contributions to the Trusts.

38.     CEC and CEI were given written notice of its non-performance and demand to perform.  CEC and CEI have failed and refused, and continues to fail and refuse, to cure its violation.

39.     Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for CEC's and CEI's violation of § 515 of ERISA [*29 U.S.C. § 1145*].

40.     Pursuant to section 502(g)(2)of ERISA [*29 U.S.C. § 1132(g)(2)*], in any action by a fiduciary in which judgment is found in favor of the plan, the court shall award the plan: i) the unpaid contributions, ii) interest on the unpaid contributions, iii) an amount equal to the greater of a) interest on the unpaid contributions or b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court to be unpaid contributions, iv) reasonable attorneys' fees and costs, and v) such other legal or equitable relief as the Court deems appropriate.  For purposes of § 502(g)(2) of ERISA [*29U.S.C. § 1132(g)(2)*] interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1986, as amended

[*26 U.S.C. § 6621*].  The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute has not been ascertained at this time.  These amounts shall be established by proof at the trial herein.

41.     Pursuant to section 502(g)(2) of ERISA [*29 U.S.C. § 1132(g)(2)(E)*], the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

a.  Order CEC and CEI to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts in an amount determined by the Court to be appropriate, and

b.  Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

c.  Order CEC and CEI to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## **PRAYER**

WHEREFORE, as to all Claims for Relief, Trustees pray for judgment against CEI, CEC, and its general partners as follows:

1.     For unpaid fringe benefit contributions in amounts as proved;

2.     For damages for breach of contract in amounts as proved;

3.     For liquidated damages in amounts as proved;

4.     For interest pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and Section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621, or at the legal rate, in amounts as proved;

5.     For reasonable attorneys' fees and costs of suit incurred; and

6.     For such additional relief as this Court deems just and proper, including, but not limited to, the following:

615779

1          a.     For an order directing CEC and CEI to pay to the Trustees all

2    amounts due the Trustees, including, but not limited to, unpaid fringe benefit

3    contributions, benefits, withholdings and/or other amounts in an amount proved at the

4    time of trial;

5          b.     For an order declaring that CEC and CEI hold its interests in

6    specific property in trust for the Trustees, which property CEC and CEI acquired

7    directly, or indirectly, from its use of unpaid contributions, benefits and/or

8    withholdings and for an order compelling CEC and CEI to convey to the Trustees its

9    interests in such applicable property; and

10          c.     For an order directing CEC and CEI to post and deliver to the

11    Trustees either a good faith deposit, or a performance bond of any amount proven at

12    the time of trial.

13    DATED: November 7, 2012          LAQUER URBAN CLIFFORD & HODGE LLP

14

15                                    By: _____

16                                        Matthew T. Bechtel, Esq.
                                          Counsel for Plaintiffs

17

18

19                          **WAIVER OF JURY RIGHT**

20

21    DATED: November 7, 2012          LAQUER URBAN CLIFFORD & HODGE LLP

22

23                                    By: _____

24                                        Matthew T. Bechtel, Esq.
                                          Counsel for Plaintiffs

25

26

27

28

615779

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 9548 MMM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
   312 N. Spring St., Rm. G-8
   Los Angeles, CA 90012

[ ] **Southern Division**
   411 West Fourth St., Rm. 1-053
   Santa Ana, CA 92701-4516

[ ] **Eastern Division**
   3470 Twelfth St., Rm. 134
   Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

TRUSTEES OF THE OPERATING ENGINEERS
PENSION TRUST, [SEE ATTACHMENT]

)
)
)
)
*Plaintiff(s)*                                    )
)
v.                                                )
)
CALEX ENGINEERING, INC., a California             )
corporation doing business as "Cal Ex Engineering )
Co." and "Cal-Ex Engineering Co.," [SEE           )
ATTACHMENT]                                       )
*Defendant(s)*                                    )

**CV12-09548**-MMM(Ex)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Matthew Bechtel, Esq.
Laquer, Urban, Clifford & Hodge LLP
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
(626) 449-1882

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 11/7/2012

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____                        _____
                                                      *Server's signature*

                                             _____
                                                      *Printed name and title*


                                             _____
                                                      *Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT TO SUMMONS IN A CIVIL ACTION

TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,

Plaintiffs.

CALEX ENGINEERING CO., a California general partnership doing business as "Cal Ex Engineering Co." and "Cal-Ex Engineering Co."; EARTHWORK SYSTEMS, INC., a California corporation and general partner of Calex Engineering Co.; GERALD GIBBS, a general partner of Calex Engineering Co.; MICHAEL NEILSON, a general partner of Calex Engineering Co.; KENNETH PAUL SEITZ, a general partner of Calex Engineering Co.; JAMES THOMPSON, a general partner of Calex Engineering Co.; JULIE THOMAS, a general partner of Calex Engineering Co.,

Defendants.

619592

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, [SEE ATTACHMENT] | CALEX ENGINEERING, INC., a California corporation doing business as "Cal Ex Engineering Co." and "Cal-Ex Engineering Co.," [SEE ATTACHMENT] |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Matthew T. Bechtel, SBN 260450  Tel: (626) 449-1882<br>Laquer, Urban, Clifford & Hodge LLP<br>225 South Lake Avenue, Suite 200, Pasadena, CA 91101-3030 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      ☑ MONEY DEMANDED IN COMPLAINT: $ More than $346,626.27

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 185, 29 U.S.C. 1145 - Defendants breached a written collective bargaining agreement to the detriment of Plaintiffs and violated ERISA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number:  CV12-09548-MMM (Ex)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County<br>Ventura County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Matson_     Date November 7, 2012

   Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
   but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT TO CIVIL CASE COVER SHEET

TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,

Plaintiffs.

CALEX ENGINEERING CO., a California general partnership doing business as "Cal Ex Engineering Co." and "Cal-Ex Engineering Co."; EARTHWORK SYSTEMS, INC., a California corporation and general partner of Calex Engineering Co.; GERALD GIBBS, a general partner of Calex Engineering Co.; MICHAEL NEILSON, a general partner of Calex Engineering Co.; KENNETH PAUL SEITZ, a general partner of Calex Engineering Co.; JAMES THOMPSON, a general partner of Calex Engineering Co.; JULIE THOMAS, a general partner of Calex Engineering Co.,

Defendants.

615846